No. 2192.—DRUMMOND, DOIG & CO. *v.* STEAMER CASTRO and Owners.

To enable a defendant to recover damages for the non-completion of a job of repairing a team boiler within the time specified in the contract, it must be shown by defendant that the fault was with the plaintiff. If the evidence shows that the delay was unavoidable, and that the plaintiff made the defendant acquainted with the causes of the delay, no damages can be recovered on account thereof.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont, J. Hornor & Benedict* and *E. Pearson,* for plaintiffs and appellants. *George L. Bright,* for defendant and appellee.

HOWELL, J. Plaintiffs sue for $950 for materials furnished and repairs made to the steamer Castro.

The answer presents the general issue and a plea in reconvention for damages caused by the non-completion of the work within the stipulated time. The correctness of plaintiffs' claim is not disputed. The contest relates to the alleged damages for which the judge *a quo* gave judgment. The work was done under a contract in the shape of the following proposal:

"SIR—We respectfully propose to repair the boiler of the C. Castro, to wit: To cut old head, tube sheet and flues; furnish one new head and tube sheet and sixty new three and one-half inch tubes; place the same properly in boiler. The above materials to be first quality and workmanship on same to be first class for the sum of nine hundred and fifty ($950) dollars.

Should you see proper to favor us with the work, we would require sufficient time to receive the iron from New York, as there is none in the city, which would be about twenty (20) days, and therefore would not be able to complete the work in less than four weeks from the time of commencement. Very respectfully,

(Signed)                              DRUMMOND DOIG & CO.,
                                            Per KANE."

So soon as this proposition was accepted, plaintiffs ordered the necessary materials from their correspondent in New York, and when the vessel was delivered to them they commenced the work, before, however, receiving the ordered materials, and did not complete the work until the expiration of six weeks from that time. It is shown that they used every means to procure the iron from New York, and that, had it been received in the ordinary time for filling such orders, they could have finished the work in the time referred to in their proposal; but the iron was not in New York, and their agents or correspondents had to send to the mills in Pennsylvania to obtain it. This delay was reported to the defendant, and a letter from New York, explaining its cause, was shown to him. Plaintiffs were evidently not in fault. Their importunity with the New York merchants caused the latter to decline any further orders from them. And, besides, the written proposal of plaintiffs does not fix a positive term. They say: "We would require *sufficient time,* which would be *about* twenty days, and therefore would not be able to complete the work *in less than* four weeks from time of commencement." They do not say they would complete it within four weeks. Their object was to inform defendant that a delay was requisite to procure the necessary iron and that the completion of the job would depend on its reception.

Under the circumstances, plaintiffs were not liable for any alleged damages which defendant claims.

It is therefore ordered that the judgment against plaintiffs on defendants' reconventional demand herein be reversed and annulled, and that there be judgment thereon in favor of plaintiffs, with costs of both courts.

Rehearing refused.